IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EDDIE JAMES THOMAS, | ] |
| Petitioner, | ] |
| vs. | ] CIVIL ACTION NO. 02-JFG-RRA--1907-E |
| WARDEN MARTHA JORDAN, | ] |
| Respondent. | ] |

## MEMORANDUM OF OPINION

This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. The petitioner, Eddie James Thomas, is a federal inmate, currently incarcerated at the Federal Correctional Institution at Talladega, Alabama. Thomas is serving a 180-month sentence imposed on him on January 3, 1994, by the United States District Court for the Middle District of Georgia.[1] *United States v. Eddie James Thomas*, 93-17-ALB-AMER(DF). In support of his petition, Thomas alleges that he is entitled to credit against his federal sentence for the period from August 4, 1992, through January 3, 1994, when he was in state custody, serving a state sentence.

Thomas was arrested by state authorities on June 19, 1992. He remained in state custody, and on August 4, 1992, he received a state sentence of 15 years' imprisonment for burglary. On May 24, 1993, Thomas was removed from state custody on a writ of habeas corpus ad prosequendum to the Middle District of Georgia. Thomas apparently remained in federal custody until January 3,

---

[1] Thomas was convicted of possessing a firearm after being convicted of a felony.

1994, when he was sentenced on the federal firearm charge, then he was returned to state custody.

On March 21, 1995, Thomas was released from state custody into federal custody. The Federal Bureau of Prisons executed a nunc pro tunc designation on Thomas' sentence that commenced his federal sentence on January 3, 1994, the date of the imposition of the federal sentence. Thomas was also awarded 46 days of jail credit for the period of time from June 19, 1992, the date he was arrested on state charges, through August 3, 1992, the date his state sentence was imposed, pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), because he did not receive credit for that time toward his state sentence. Thomas was denied credit toward his federal sentence for the period from August 4, 1992, through January 3, 1994, because that time was credited toward his state sentence.

Thomas filed the current petition in this court on August 2, 2002. In support of his petition, Thomas claims that the BOP has failed to award him 153 days of jail time credit, for the time he spent in state custody from August 4, 1992, through January 3, 1994. In response to the court's order to show cause, the respondent has filed an answer in which she argues that the petition lacks merit and is due to be denied. By order of the court, the parties were advised that the respondent's answer would be treated as a motion for summary judgment. The petitioner was advised that he must comply with Rule 56 of the *Federal Rules of Civil Procedure* in responding to the motion for summary judgment. In response, the petitioner has filed an unsworn traverse.

Thomas contends that he should have received jail time credit from August 4, 1992, the date he began serving his state sentence, through January 3, 1994, the date he was sentenced on the

federal firearm charge, even though he received credit toward his state sentence for that time period.

Title 18 U.S.C. § 3585(b) provides in pertinent part:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
> (1) as a result of the offense for which sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after commission of the offense for which the sentence was imposed;
> ***that has not been credited against another sentence***. (emphasis added).

Bureau of Prisons Program Statement 5880.28 states in pertinent part:

> Prior Custody Credit will be given for time spent in official detention as the result of any federal, state or foreign arrest which is not related to, yet occurred on or after the date of commission of the federal offense for which the SRA sentence was imposed; ***provided it has not been credited to another sentence***. (emphasis added).

The petitioner's federal sentence commenced on January 3, 1994, the date his federal sentence was imposed, pursuant to the nunc pro tunc designation executed by the BOP. Additionally, he was given 46 days of jail credit for the period of time between June 19, 1992, the date he was arrested on the state charges, through August 3, 1992, the date his state sentence was imposed, because he did not receive credit toward his state sentence for this time period. Clearly, pursuant to 18 U.S.C. 3585(b), Thomas is not entitled federal credit for the period from August 4, 1992, through January 3, 1004, because he was given credit for this period against his state sentence.

In his traverse and his opposition to the motion for summary judgment, Thomas adds a claim that he was improperly or unclearly sentenced. He admits that "[a]fter [he] learned through informal administrative requests and formal administrative remedy requests that the sentence was not going to be executed in accordance with U.S.S.G. 22 5G1.3(b), [he] filed a motion to vacate the sentence

under 28 U.S.C. § 2255 on the grounds that the government was breaching the [plea] agreement by not awarding all credit for time served as required by U.S.S.G. § 5G1.3(b)" and that the motion was "denied on timeliness grounds."

"A motion to vacate sentence pursuant to 28 U.S.C. § 2255 provides the primary method of collateral attack on a federally imposed sentence." *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)(*citing Walker v. United States*, 429 F.2d 1301 (5th Cir. 1970)).  A petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is not a substitute for a motion brought pursuant to § 2255.  Rather, a petitioner may attack his custody resulting from a federal sentence in a petition brought pursuant to § 2241 only if he establishes that the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *McGhee*, 604 F.2d at 10 (*citing Wood v. Blackwell*, 402 F.2d 62, 63 (5th Cir. 1968), *cert. denied*, 393 U.S. 1060 (1969)).  "It is well established that a prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy."  *McGhee*, 604 F.2d at 10 (*citing Walker v. United States*, 429 F.2d 1301, 1303 (5th Cir. 1970) and *Accardi v. Blackwell*, 412 F.2d 911, 914 (5th Cir. 1969)).  The petitioner bears the burden of providing the court with evidence "affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy."  *Id.* (*citing Accardi*, 412 F.2d at 914).

Thomas argues that his remedy under § 2255 is inadequate or ineffective because:

> In the Petitioner's case, he pled facts under oath in his verified complaint that he was informed by his attorney that he was sentenced properly in accordance with U.S.S.G. § 5G1.3(b); and therefore, there was no reason to appeal or collaterally attack the judgment.  He supported these verified claims with handwritten notes authored by his attorney to that effect, the authenticity of which was not challenged by the respondent.  The petitioner also pled facts under oath in his verified complaint that he was not aware that the Bureau of Prisons was not executing the judgment in accordance with U.S.S.G. § 5G1.3(b) until after the year had passed from the finality

of the conviction, which rendered any remedy to the clarity of the judgment by motion to be inadequate.

Thomas has not met his burden of proving the inadequacy or ineffectiveness of his remedy by way of § 2255.

The law is clear that § 2255 is not inadequate or ineffective merely because a petitioner could have used it to assert his challenge but may no longer avail himself of it. Relief under § 2255 cannot be considered inadequate or ineffective if the prisoner's claim could have been included in a properly filed § 2255 motion.  The fact that it may now be too late to file a § 2255 motion does not render § 2255 inadequate or ineffective.  Section 2255 is inadequate or ineffective, making relief under § 2241 available, only if :

> (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision established that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal or first § 2255 motion.

*Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003)(*citing Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)).  Because Thomas has not met the three requirements of the savings clause, the petition brought pursuant to § 2241 is due to be dismissed.

An appropriate order will be entered.

DONE and ORDERED 22 March 2005.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.